Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

_____ District of _Columbia_

_Civil_ Division

Michael Aletum

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:17-cv-00650
Assigned To : Unassigned
Assign. Date : 5/19/2017
Description: Employ. Discrim.   **(H-DECK)**

Jury Trial: *(check one)* ☐ Yes ☐ No

_either_

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Coca Cola Bottling Company

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

RECEIVED

MAY 1 9 2017

Clerk, U.S. District and
Bankruptcy Courts

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

| | |
|---|---|
| Name | Michael Aletum Ambe |
| Street Address | 790 Fairview Avenue Apt 520 |
| City and County | Takoma Park, P G County |
| State and Zip Code | |
| Telephone Number | 301-830-6956 (VP) |
| E-mail Address | aletumambe222@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Robert Czyzewski
Warehouse Supervisor
7210 Preston Gateway Drive
Hanover, MD 21076
Anne Arundel County
410-684-7100

Defendant No. 2

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Mr. Van Wyatt
Warehouse Supervisor
7210 Preston Gateway Drive
Hanover, Anne Arundel County
Maryland, 21076
400-684-7100

Defendant No. 3

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Ms. Angenela Flemmings
Human Resource Business Partner
7210 Preston Gateway Drive
Hanover, Anne Arundel County
Maryland, 21076
410-684-7100

Defendant No. 4

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Coca cola Bottling Company Consolidal |
| Street Address | 7210 Preston Gateway Drive |
| City and County | Hanover, Anne Arundel County |
| State and Zip Code | Maryland, 21076 |
| Telephone Number | 410-684-7100 |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐  Failure to hire me.
- ☒  Termination of my employment.
- ☒  Failure to promote me.  ( Certify for the forklift)
- ☐  Failure to accommodate my disability.
- ☒  Unequal terms and conditions of my employment.
- ☐  Retaliation.
- ☐  Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
      July 27th 2017

C.    I believe that defendant(s) *(check one)*:

- ☒  is/are still committing these acts against me.
- ☐  is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐  race _____
- ☐  color _____
- ☐  gender/sex _____
- ☐  religion _____
- ☐  national origin _____
- ☐  age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒  disability or perceived disability *(specify disability)*
      Deaf (Hearing Impaired)

E.    The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.     **Exhaustion of Federal Administrative Remedies**

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☒      issued a Notice of Right to Sue letter, which I received on *(date)* April 4th 2017

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒      60 days or more have elapsed.

☐      less than 60 days have elapsed.

V.      **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    05/19/2017

Signature of Plaintiff        *Amtee*

Printed Name of Plaintiff     Michael Alethon

### B.        For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



3600 Clipper Mill Road, Suite 350, Baltimore, MD  21211
410-889-8555 • 410-366-7838 (FAX) • www.aclu-md.org

1/30/2017

Amichal Aletum
790 Fairview Avenue
Apartment #520
Takoma, MD 20912

**RE: ACLU File No.:** 6837

Dear Amichai Aletum,

Thank you for your recent letter describing the difficulties you have had with your employer. Unfortunately, the ACLU is not able to represent you due to our limited resources. However, this is no reflection on the merits of your case.

Unfortunately, the Constitution does not protect the rights of employees at private companies. Indeed, private employers may generally hire and fire employees "at will" unless there is a union contract involved. (If there is a union, you should pursue remedies through the union grievance process <u>even if you are not a union member</u>.)

However, all employees have some rights created by state and federal laws. There are, for example, laws governing minimum wages and hours, health and safety standards, and the rights of employees to organize into unions. If you have questions about these employment standards, we suggest you contact the National Labor Relations Board at 100 South Charles Street, Suite 600, Baltimore, MD 21201 or by phone at (410) 962-2822.

Moreover, private business employees who have been discriminated against based on race, sex, age, national origin, religion or disability, have recourse under federal and state civil rights statutes. If you believe you have been the victim of discrimination, you should contact the Equal Employment Opportunity Commission at 10 South Howard Street, Third Floor, Baltimore, MD 21201 (1-800-669-4000), or the Maryland Commission on Civil Rights at 6 Saint Paul Street, Suite 900, Baltimore, MD 21202 (410-767-8600). You should be aware that you generally have only 180 days from the date of the last incident of discrimination in which to file a claim with EEOC and MCCR. These deadlines usually do not apply, however, if the discrimination is ongoing.

If you have been terminated from your job, there is a book that may be useful to you. <u>Job Rights and Survival Strategies (A Handbook for Terminated Employees)</u> is published by Workplace Fairness, an employee rights organization. It is a comprehensive, practical guide for a person who has just been fired or laid off. Workplace Fairness does not provide help, advice, or referrals regarding employment issues, but you can order or get more information about the book at (202) 683-6114 or info@workplacefairness.org.

You may want to check with a private attorney about representing you. The enclosed list contains the names of attorneys who handle employment cases, and you might want to call them. We cannot comment on their particular qualifications to handle your case. That is something you must decide for yourself after consulting with them. The enclosed list of area

lawyer referral services may be able to provide you with the names for other private attorneys in your area who practice employment law.

We regret we are unable to assist you further with this matter, and we apologize for the impersonality of this form letter.

Sincerely,

ACLU Legal Intake Staff

Enclosures

*The ACLU of Maryland complies with the Americans with Disabilities Act (ADA). Please notify our office if you have any alternate format requests. (Our TTY number is 410-889-8555)*

# LAWYER REFERRAL SERVICES IN MARYLAND

| County | Telephone Number |
|---|---|
| Allegany County | 301-525-9995 |
| Anne Arundel County | 410-280-6961 |
| Baltimore City | 410-539-3112 |
| Baltimore County | 410-337-9100 |
| Calvert County | 410-535-6100 |
| Caroline County* | 410-337-9100 |
| Carroll County | 410-337-9100 |
| Cecil County | 410-337-9100 |
| Charles County* | 410-535-6100 |
| Dorchester County* | 410-337-9100 |
| Frederick County | 410-337-9100 |
| Garrett County | 301-525-9995 |
| Harford County | 410-337-9100 |
| Howard County* | 301-279-9100 |
| Kent County* | 410-337-9100 |
| Montgomery County | 301-279-9100 |
| Prince George's County | 301-952-1440 |
| Queen Anne's County* | 410-337-9100 |
| Saint Mary's County | 410-535-6100 |
| Somerset County* | 410-337-9100 |
| Talbot County* | 410-337-9100 |
| Washington County* | 301-525-9995 |
| Wicomico County* | 410-337-9100 |
| Worcester County* | 410-337-9100 |

*Counties that do not have their own referral service are supplied with numbers for offices in neighboring counties.

## MARYLAND VOLUNTEER LAWYERS SERVICE (LOCAL)
410-547-6537    800-510-0050

## Legal Aid Bureau
Sixty Plus Legal Program for seniors 800-999-8904
Be sure to ask for the "Sixty Plus Legal Program" when you call.

| | |
|---|---|
| - Baltimore City | 410-539-3112 |
| - Baltimore County | 410-337-9100 |
| - in Montgomery County | 301-279-9100 |
| - in all other counties | 410-951-7760 or 800-999-8904 ext. 7760 |

Source: msba.org/public/lawyer-referral.aspx

## *Attorneys Handling Employment Cases*

Kathleen M. Cahill, Esq.
15 East Chesapeake Avenue
Baltimore, MD  21286
(410) 321-6171

Anthony I. Butler, Esq.
Trye, Butler, Mayo, & Griffith
The Houston-Marshall Building
12 East Pleasant Street
Baltimore, MD  21201
(410) 685 - 5342
info@tbmglaw.com

Brown, Goldstein & Levy, LLP
120 East Baltimore Street
Suite 1700
Baltimore, Maryland  21202
(410) 962-1030

Stephen B.  Lebau, Esq.
Richard P. Neuworth, Esq.
Lebau & Neuworth, LLC
606 Baltimore Avenue, Suite 201
Baltimore, Maryland 21204
(410) 296-3030

Linda Eve Percy, Esq.
200 East Lexington Street, Suite 801
Baltimore, MD 21202
(410) 244-6634

Elliott Andalman, Esq.
Andalman & Flynn
8601 Georgia Avenue, Suite 206
Silver Spring, MD 20910
(301) 563-6685

Robin R. Cockey, Esquire
Cockey, Brennan, & Maloney, PC
313 Lemmon Hill Lane
Salisbury, MD 21801
(410) 546-1750

Kathleen P. Hyland
Hyland Law Firm, LLC
16 E Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 777-8536
www.lawhyland.com

Joshua S. Berman, Esq.
Senior Associate
1401 Rockville Pike, Suite 110
Rockville, MD 20852

(301) 770-4710
www.rowepllc.com

Edgar Ndjatou, Esq.
Partner, McCree Ndjatou, PLLC
1828 L Street NW, Suite 600
Washington, DC 20036
(202) 688-1031
http://www.mnlawyerspllc.com

Jason A. Grant, Esq.
Partner, The DGO Law Group, PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006
(202) 587-5680
www.dgolawgroup.com

Yaida Ford
The Ford Law Firm
506 9th Street NW
Washington, DC 20004
(202) 792-4946
www.fordlawpros.com

Law Offices of Susan L. Burke
1611 Park Avenue
Baltimore, MD 21217
(410) 733-5444
www.burkepllc.com

# State of Maryland
# Commission on Civil Rights

Governor
**Larry Hogan**
Lt. Governor
**Boyd K. Rutherford**
Commissioners
**Shawn M. Wright, Esq., Chairperson**
**Gary Norman, Esq., Vice Chairperson**
**Roberto N. Allen, Esq.**
**Laura M. Esquivel**
**Rabbi Binyamin Marwick**
**Gina McKnight-Smith, PharmD, MBA**
**Dominique S. Moore, Esq.**
**Naima Said, Esq.**
**DeWayne Wickham**



*Officers*
**Alvin O. Gillard, Executive Director**
**Cleveland L. Horton II, Deputy Director**
**Nicolette Young, Assistant Director**
**Glendora C. Hughes, General Counsel**

March 31, 2017

Mr. Michael Aletum
790 Fairview Avenue, Apt. 520
Takoma Park, MD 20912

RE: Michael Aletum vs. Coca-Cola Bottling Co. Consolidated
MCCR Charge Number: 1609-0606
EEOC/HUD Number: 12F-2016-00815

The Maryland Commission on Civil Rights has completed the processing of the above-referenced charge of discrimination.

Based upon the investigation conducted, there is NO PROBABLE CAUSE to believe that the information obtained establishes a violation of the statutes. The results of staff's investigation are contained in the enclosed written finding. Your appeal rights with the Commission are as set forth in the written finding. Please note that this charge was dually filed with the Equal Employment Opportunity Commission (EEOC).

Accordingly, the Complainant has additional appeal rights with the EEOC. The Complainant is entitled to request EEOC to perform a "Substantial Weight Review" of the Commission's final finding. To obtain a Substantial Weight Review, the Complainant must make their request in writing, within 15 days of receipt of this letter. The request for review should contain the Complainant's name, charge number and any other additional information the Complainant believes would be helpful for the EEOC's review. Otherwise, the EEOC will generally adopt the Commission's findings.

Additionally, the Complainant has the right to request a Federal Notice of Right to Sue from the EEOC which would enable the Complainant to file a complaint in Federal District Court. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

The request for a Substantial Weight Review or a Notice of Right to Sue must be in writing and mailed to:

Natasha Abel
State & Local Program Manager
EEOC, Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

I certify that this notice was mailed on the date set out below:

March 31, 2017
_____
Date Mailed

Adrianne Munroe, Civil Rights Officer

**William Donald Schaefer Tower, 6 Saint Paul Street, Suite 900, Baltimore, Maryland 21202-1631**
**Phone: 410-767-8600 · Toll Free: 1-800-637-6247 · Maryland Relay: 711 · Fax: 410-333-1841**
**Website: mccr.maryland.gov · E-Mail: mccr@maryland.gov**

### BEFORE THE MARYLAND COMMISSION ON CIVIL RIGHTS

IN THE MATTER OF:                    *

                                       *

Michael Aletum
790 Fairview Avenue, Apt. 520
Takoma Park, MD 20912

                                       *

COMPLAINANT                          *

vs.                                  *

                                       *          Respondent's Representative:
                                                  Sonya Richburg, Esq.
Coca-Cola                                         Coco-Cola Bottling Co. Consolidated
7210 Preston Gateway Drive                        4100 Coca-Cola Plaza
Hanover, MD 21076                                 Charlotte, NC 28211

                                       *

RESPONDENT                           *

                                       *          CASE NUMBER: 1609-0606

                                       *          EEOC NUMBER:  12f-2016-00815

                                       *

                                       *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### WRITTEN FINDING

The above-captioned case has been investigated pursuant to State Government Article, Section 20-1005(a), Annotated Code of Maryland and the Commission's Rules of Procedure, COMAR 14.03.01.05.  The written finding is made in accordance with COMAR 14.03.01.08A. All procedural requirements have been met.

### SUMMARY OF COMPLAINANT'S POSITION:

Complainant alleges he was discriminatory discharged based on his disability.

## SUMMARY OF RESPONDENT'S POSITION:

Respondent denies the allegation of discriminatory discharge based on disability.

## SUMMARY OF THE INVESTIGATION:

The following is a list of the allegations made by the Complainant, responses from the Respondent and the corresponding results of the investigation into the specific allegations:

**"I began my employment with the Respondent on November 3, 2015 as an Order Builder. My immediate supervisors were Robert Czyzewski (Non-Disabled) and Van Wyatt (Non-Disabled). My normal shift is 7:00 PM to 3:30 AM."**

Respondent notes that Complainant began his employment on or about March 8, 2016 as a general laborer in its Hanover, Maryland facility. Respondent notes that Complainant reported to Craig Martin, warehouse supervisor and Mr. Martin reports to Dominic Quarantiello, warehouse manager. Respondent admits Complainant's normal shift was 7:00 p.m. to 3:30 a.m.

The investigation confirmed Complainant's March 8, 2016 hire date, general laborer job title, and 7:00 p.m. to 3:30 a.m. shift. The investigation revealed that Dominic Quarantiello is the warehouse manager and Complainant reported directly to Craig Martin, warehouse supervisor, during the 3:00 p.m. to 10:00 p.m. shift. The investigation revealed that Van Wyatt, warehouse supervisor and Robert Czyzewski, warehouse supervisor, also worked during Complainant's shift. Interviews of Mr. Quarantiello, Mr. Martin and Mr. Wyatt confirmed these facts.

**"I am the only disabled employee in my department."**

Respondent denies this allegation. Respondent notes that it currently employs three (3) other deaf/hard of hearing employees at its Hanover facility.

The investigation failed to substantiate this allegation. The investigation established that

2

Complainant is a person with a hearing disability; however, the investigation revealed that Complainant was not the only disabled employee at the Hanover facility. The investigation revealed that Respondent currently employs three other deaf/hard of hearing employees, who work as order builders. Interviews of Mr. Quarantiello, Mr. Martin and Mr. Wyatt as well as two current employees confirmed this fact.

**"On July 27, 2016, I worked my normal shift hours along with my non-disabled co-workers. However, on August 4, 2016, my employment was terminated by Angenela Flemmings, Human Resources Partner, (Non-Disabled) for an alleged unauthorized time violation."**

Respondent admits that Complainant was scheduled to work his 7:00 p.m. to 3:30 a.m. shift on July 27, 2016. Respondent notes that Complainant was generally scheduled to work the 7:00 p.m. to 3:30 a.m. shift but may have worked a longer or a shorter scheduled depending on how much work was available for that shift. Respondent notes that Complainant was advised of the flexibility of the hours of work at the time of his hire. Respondent notes that on July 27, 2016, at around 1:45 a.m., Complainant was advised by his supervisors that the work had been completed for the shift. Respondent notes that Complainant was directed to clock-out and go home for the night. However, instead of punching out, Complainant chose to sit in the breakroom not performing any job-related duties for another hour and thirty-seven (37) minutes, until 3:25 a.m. when he punched out. Respondent notes that Complainant previously received a corrective action for unauthorized time on the clock and accordingly, Complainant was discharged on August 4, 2016 for violation company policy regarding unauthorized time on the clock.

The investigation substantiated the allegation that Complainant was discharged on August 4, 2016 for unauthorized time violation. A review of a Corrective Action Form dated August 4, 2016 confirmed this fact. The Form revealed that on July 27, 2016, Complainant was advised at 1:45 a.m. by two supervisors (Robert Czyzewski and Van Wyatt) that work was completed for the evening.

Instead of punching out and leaving for the night, Complainant sat in the breakroom for a hour and thirty-seven minutes until he clocked out at 3:25 a.m. The investigation revealed that Complainant received a prior Corrective Action for a similar instance of unauthorized time on the clock on May 12, 2016, when Complainant failed to follow his supervisor's instruction to clock out at the end of his shift, 3:30 a.m. A review of Complainant's personnel records revealed that Complainant received three (3) corrective actions during his employment. The investigation revealed that the decision maker was warehouse manager, Dominic Quarantiello.  An interview of Mr. Quarantiello confirmed this fact. His testimony revealed that he consulted with Diane Borella, Human Resources Director regarding his decision to discharge Complainant for the July 27, 2016 incident of unauthorized time on the clock. He testified that Step 3 of the Corrective Action process was skipped because of the severity of the July 27, 2016 "theft of time" infraction. The investigation revealed that on August 4, 2016, Mr. Quarantiello, HR Manager Angenela Fleming,  Warehouse Manager Victor Benitez, and a sign language interpreter met with Complainant to discuss the termination of his employment.

A review of Respondent's Corrective Action policy revealed that its corrective action process is a four-step progression. The policy states "the severity of a situation, however, could warrant an acceleration of the process up to and including immediate discharge." The policy revealed that Step 1 warrants written communication of the need to improve behavior and/or performance. Step 2 warrants subsequent written communication regarding the same or different issue or infraction. Step 3 warrants written communication setting forth the areas in need of immediate and sustained improvement, including the time period during which such improvement must be demonstrated. This step requires an improvement plan developed by the employee and approved by his/her manager. Step 4 warrants written documentation of discharge decision. The reason for termination should be clearly and concisely written and presented. The investigation revealed that Respondent followed its corrective action policy. Complainant was issued a Step 1 Corrective Action on May 12, 2016 for his failure to follow his supervisors' instructions to punch out at 3:30 a.m. Rather, Complainant was seen

4

by his supervisor still working on the clock at 5:00 a.m.  Complainant was issued a Step 2 Corrective Action on July 6, 2016 for failing to follow his supervisors' instruction not to drive a forklift since he was not certified to do so. Complainant was seen driving the forklift after his supervisors' previous instruction. The investigation revealed that Respondent skipped Step 3 and issued a Step 4 Corrective Action (Termination) to Complainant on August 4, 2016 for Complainant's failure to follow his supervisors' instruction to clock out at 1:45 a.m. on July 27, 2016 because the work had been completed at that time. The investigation revealed that instead of clocking out, Complainant was sitting in the break room, on the clock for an hour and a half, until he clocked out at 3:25 a.m. A review of the video footage and Kronos time records from July 27, 2016 confirmed these facts. During the Fact Finding Conference, Complainant admitted to going to the break room because there was no work to do. Complainant alleged that his supervisors told him to clock out at the end of his 3:30 a.m. shift. However, the investigation failed to produce evidence or witness testimony to support this allegation.

**"I am aware that none of my non-disabled co-workers were terminated.  Since my termination, there are no disabled employees working in the department. I believe that any reason the Respondent gives for my termination is a pretext to discriminate against mw due to my disability."**

Respondent vehemently denies that it subjected Complainant to disability discrimination. Respondent notes that Complainant was discharged for his inappropriate behavior that did not meet Respondent's expectations of an employee. Respondent denies that its non-disabled employees have not been terminated and that there are Respondent denies that since Complainant's termination, there are no non-disabled employees working in the Hanover warehouse. Respondent notes it currently employs three (3) other deaf/hard of hearing employees in the Hanover warehouse.

The investigation failed to substantiate these allegations. Complainant failed to identify any similarly-situated employee outside of his protected class who was treated more favorably. Moreover,

the investigation revealed that non-disabled employees have been terminated by the same decision maker in the past. A review of Respondent's termination records confirmed this fact. The investigation revealed that Respondent currently employees three (3) other deaf/hard of hearing employees in the Hanover warehouse. The investigation failed to produce evidence demonstrating that Complainant's disability was a basis for his termination.

**CONCLUSION:**

To prevail on a claim of disability discharge, the investigation must establish: (1) Complainant has a disability that limits one or more of his major life activities; (2) he was qualified for the job and his performance satisfied Respondent's expectations; (3) he was discharged; and (4) Respondent treated similarly-situated employees outside of his protected class more favorably.

The investigation established that Complainant has a hearing disability and he was discharged. However, the investigation failed to establish that Complainant was satisfying the expectations of the job. Rather, the investigation showed that Complainant received two corrective actions prior to his discharge on August 4, 2016 for unauthorized time on the clock. Moreover, the investigation failed to established that Respondent treated similarly-situated employees outside of Complainant's protected class more favorably. As such, the claim of disability discharge could not be substantiated.

**FINDING OF NO PROBABLE CAUSE:**

Based on the evidence gathered by the Commission staff during this investigation, it has been determined that there is **No Probable Cause** to believe that the Respondent discriminated against the Complainant because of Disability, under Title 20, Subtitle 6 of the State Government Article, Annotated Code of Maryland. Under the Commission's Rules of Procedure, COMAR 14.03.01.08C, the Complainant may apply for reconsideration of the no probable cause finding

within fifteen (15) days from the date upon which these findings were mailed.  The application shall be in writing and shall state specifically the grounds upon which the application is based.  A request for reconsideration shall be directed to Alvin O. Gillard, Executive Director, Maryland Commission on Civil Rights, 6 St. Paul Street, Suite 900, Baltimore, Maryland 21202.  If the request for reconsideration is granted, the Executive Director shall notify the parties and remit the matter to the investigative staff for further appropriate action.

In the absence of a request for reconsideration, the above-captioned complaint will be dismissed and the Commission's proceedings in the matter will be terminated.

Adrianne Munroe
Civil Rights Officer

Melissia Dorsey
Civil Rights Supervisor

Date: 3/31/17

## CERTIFICATE OF SERVICE

This Written Finding was issued on this 31 day of March, 2017, and was served on all parties to the complaint by regular mail on said date.

FOR THE MARYLAND COMMISSION ON
CIVIL RIGHTS

7

*Termination    (Samantha Weaver)*

*Coca Cola*
CONSOLIDATED

# CORRECTIVE ACTION FORM

Date   8/4/16

Michael Aletum
**Employee Name**

C024/Warehouse
**Location/ Department**

Order Builder
**Title/Position**

Check One:   ☐ Step 1   ☐ Step 2   ☐ Step 3   ☒ Step 4 (Termination)

Describe the specific behavior/performance issue or action being taken by supervisor at this step.  Include date, time, location, activity and witnesses as appropriate

On July 27, 2016 Michael was advised at 1:45AM by two supervisors (Robert Czyzewski and Van Wyatt) that work was completed for the evening. Instead of punching out and leaving for the night Michael chose to spend the next one (1) hour and thirty seven (37) minutes on the clock not performing any job related duties until he punched out at 3:25AM. Michael has already received a corrective action for a similar instance of unauthorized time on the clock.

After reviewing the video footage from the night in question and sitting down with Michael (with an interpreter) it has been determined that Michael has violated CCBCC's "theft of time" policy and is having his employment with CCBCC ended effective immediately.

Plan of Improvement Committed by Employee:  (attach employee's plan, if necessary)

Next Steps in Process:

Comments (optional for employee and for supervisor):

VB   *Refused to Sign* 8/4/16
**Employee's Signature/Date**

*[signature]* 8/4/16
**Supervisor's Signature/Date**

**Human Resources Manager's Signature/Date**

*[signature]* 8/4/16
**Manager's Signature/Date**

*Ban* 8/4/16

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | [X] FEPA<br>[ ] EEOC | 1609-0604<br>12F-2016-00815 |

Maryland Commission on Civil Rights                                            and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>**Mr. Michael Aletum** | Home Phone *(Incl. Area Code)*<br>**301-830-6956** | Date of Birth<br>**09-21-1993** |
|---|---|---|
| Street Address<br>**790 Fairview Avenue, Apt. 520** | City, State and ZIP Code<br>**Takoma Park, Maryland 20912** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**Coca-Cola Bottling Company** | No. Employees, Members<br>**200+** | Phone No. *(Include Area Code)*<br>**410-684-7100** |
|---|---|---|
| Street Address<br>**7210 Preston Gateway Drive** | City, State and ZIP Code<br>**Hanover, Maryland 21076** | |
| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN
[ ] RETALIATION    [ ] AGE    [X] DISABILITY    [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **08-04-2016** | **08-04-2016** |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Issues:  Discharge

I believe that I have been discriminated against based on my disability for the following reasons:

I began my employment with the Respondent on November 3, 2015 as an Order Builder. My immediate supervisors were Robert Czywski (Non-Disabled) and Van Wyatt (Non-Disabled). My normal shift is 7:00 PM to 3:30 AM.

I am the only disabled employee in my department.

On July 27, 2016, I worked my normal shift hours along with my non-disabled co-workers. However, on August 4, 2016, my employment was terminated by Angenela Flemmings, Human Resources Partner, (Non-Disabled) for an alleged unauthorized time violation. I am aware that none of my non-disabled co-workers were terminated. Since my termination, there are no disabled employees working in the department.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 09/23/16     *[signature]*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA <br> [ ] EEOC | 12F-2016-00815 |

| Maryland Commission on Civil Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that any reason the Respondent gives for my termination is a pretext to discriminate against me due to my disability.

I solemnly affirm under the penalty of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief.


MCCR Supervisor Authorization: _A. Bell_                    Date: _09-27-16_ Jan


| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| _____        _____ <br> Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC FORM 131-A (11/09)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Ms.  Angenela Flemmings<br>HR Buiness Partner<br>COCA COLA BOTTLING<br>7210 Preston Gateway Drive<br>Hanover, MD 21076 | **Michael Aletum** |

| THIS PERSON *(check one or both)* |
|---|
| [X] Claims To Be Aggrieved |
| [ ] Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.
**12F-2016-00815**

FEPA CHARGE NO.
**1609-0606**

## NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[ ] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____

_____
*(FEP Agency)*

[X] The   **Maryland Commission on Civil Rights**                    and sent to EEOC for dual filing purposes.
*(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC.  This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency.
For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s):  Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [X] Disability  [ ] Retaliation  [ ] Genetic Information  [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **September 27, 2016** | **Spencer H. Lewis, JR,**<br>**District Director** | |

*Enclosure with EEOC*
*Form 131-A (11/09)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge -- the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge,* for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.